EMILIO M. GARZA, Circuit Judge,
dissenting:
The majority opinion concludes that the relators are an original source of the information on which the allegations in the relators’ qui tam action are based. I disagree. To establish that they are an original source, the relators must show that they (1) have independent knowledge of the information; (2) have direct knowledge of the information; (3) and have voluntarily provided the information to the government before filing their qui tam action. See United States ex rel. Laird v. Lockheed Martin Eng’g and Science Servs. Co., 336 F.3d 346, 352 (5th Cir.2003). The relators have not shown that they have direct knowledge of the information, and accordingly I dissent.
The majority opinion states that “evidence that Relator Scheel provided medical services at one of the relevant school districts, Relator Scheel’s affidavit concerning Deloitte & Touche’s presentation on Medicaid billing, along with evidence of possible fraudulent activities, is sufficient to satisfy the competent evidence standard of direct knowledge.” Majority Opinion at 285. Notably, the majority opinion does not claim to find any evidence to show that Relator Barron had direct knowledge of the information. Relator Barron presented no evidence before the district court to show that she had direct knowledge, and therefore she cannot be an original source of the information.
The evidence cited by the majority opinion also fails to establish that Relator Scheel has direct knowledge of the information. Direct knowledge is “knowledge derived from the source without interruption or gained by the relators own efforts rather than learned second-hand through the efforts of others.” Laird, 336 F.3d at 355. The court must distinguish between “those individuals who, with no details regarding its whereabouts, simply stumble upon a seemingly lucrative nugget and those actually involved in the process of unearthing important information about a false or fraudulent claim.” Id. at 356. The mere fact that Relator Scheel provided medical services at one of the relevant districts does not show that Scheel learned the information through her own efforts. Similarly, Scheel’s affidavit does not establish that she has direct knowledge of the information. It merely provides that she was a physical therapist who provided services to Medicaid eligible children and that she attended a training session in which a Deloitte and Touche representative spoke about billing procedures, documentation requirements and Medicaid rules. The affidavit does not specify what the Deloitte and Touche representative said about these procedures, requirements and rules, nor does the affidavit state that she saw the billing procedures being used. Scheel does not even state that she was trained to follow questionable billing procedures at this training session, merely that billing procedures were discussed.
Scheel also provided a one-page transcript of the training session, which at most shows the Relators had direct knowledge that service rates included time spent in Admission, Review and Dismissal (“ARD”).[1] The transcript does not address relevant information such as improper billing of transportation costs, bundled *287 payments or the failure to differentiate between skilled and unskilled activities. The Relators have not provided sufficient evidence to establish that they had direct knowledge of the publicly disclosed information. Accordingly, the Relators cannot be an original source of the information. See Laird, 336 F.3d at 352. The district court correctly dismissed the case for lack of jurisdiction.
For the above reasons, I respectfully dissent.

. This could be connected to the .Relators’ allegations in 1131 of their complaint.